FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL C. BOLIN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil Action No.  1:22-cv-02311 (UNA) |
| MERRICK B. GARLAND, et al., | ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss this matter without prejudice.

Plaintiff, a state prisoner who is currently designated to the California Medical Facility, located in Vacaville, California.  He sues the United States Attorney General, the Attorney General of California, and an Assistant Attorney General of California.  The prolix 61-page complaint is far from a model in clarity, is difficult to follow, and attaches a hodgepodge of exhibits, but plaintiff fails to explain the relevance of any of them.  *See* LCvR 5.1(e) ("No complaint . . . shall have appended thereto any document that is not essential to determination of the action.").  Plaintiff cites to a litany of state and federal law, but fails to clearly identify what, if anything, the defendants have done to violate same.  At root, plaintiff seems to challenge his criminal conviction and sentence in California state court, but from there, the complaint devolves into fanciful allegations of a widespread criminal "conspiracy," "fraud," and "collusion," including the government's plan to "execute/murder" him.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Preliminarily, plaintiff does not provide the addresses

or contact information for any of the defendants, in contravention of D.C. LCvR 5.1(c)(1). Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief, if any.

Second, insofar as plaintiff attempts to challenge his California conviction and sentence, he may not do so in this court. Federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the

judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).  Plaintiff was convicted and sentenced in California, therefore, this court lacks jurisdiction over any such claims.

      For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   October 11, 2022

                                    _____ s/s_____
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge